[Civ. No. 16208. Third Dist. Jan. 26, 1977.]

KATHLEEN ANN SCHULZ, Petitioner, v.
THE SUPERIOR COURT OF YOLO COUNTY, Respondent;
PAUL H. STAVIG et al., Real Parties in Interest.

## COUNSEL

Nageley & Dutra and Thomas Meyer for Petitioner.

No appearance for Respondent.

Kroloff, Belcher, Smart, Perry & Christopherson, James Donahue and Douglas Van Zant for Real Parties in Interest.

## OPINION

**EVANS, J.**—Petitioner Schulz is plaintiff in a medical malpractice action. Two of the defendants are Dr. Paul H. Stavig and the Woodland Memorial Hospital. The plaintiff's claim arose out of surgery performed in the hospital in 1974 by Dr. Stavig.

Schulz sought pretrial discovery of reports to or by the medical advisory board of the hospital. Stavig refused to answer, asserting the privilege afforded by Evidence Code section 1157. Following a motion to compel further answers, Stavig answered that he had written to the chairman of the medical advisory board expressing his opinion on medical cases being reviewed by the board, including that of petitioner. He refused, however, to relate the content of the letter or to produce it.

He further answered that the medical advisory board of the hospital had met and discussed various cases attended by Stavig, including petitioner's. He stated that the minutes of the meeting were in the possession of the hospital administrator Mr. Thurman, but refused to disclose the nature of the discussions concerning petitioner's medical case. Petitioner thereafter served Stavig and the hospital with a notice to produce documents, seeking all statements made by Stavig or agents of the hospital in preparation for or in the course of any investigation or proceeding dealing with petitioner's case. The request sought, but was not limited to, the following statements:

"1. Those made in direct or indirect connection with a decision by the Medical Advisory Board which resulted in the curtailment of Defendant STAVIG's major surgical privileges from May 6, 1974 to July 1, 1974.

"2. A letter dated April 29, 1974, from Defendant STAVIG to Dr. Chester, Chairman of the Medical Advisory Board.

"3. Statements made by any person who is a party to the above-entitled action or agent of such a party who was in attendance at any meeting at which the subject matter of the above-entitled action was reviewed."

Following refusal to produce the requested documents, petitioner noticed a motion for an order requiring production and inspection of each of the foregoing. Assigning Evidence Code section 1157[1] as authority, the superior court denied the entire discovery request. Schulz seeks a writ of mandate directing the superior court to order the requested discovery.

Although the writ of mandate is a proper remedy for reviewing discovery procedures (*Rudnick* v. *Superior Court* (1974) 11 Cal.3d 924 [114 Cal.Rptr. 603, 523 P.2d 643]), reviewing courts will entertain applications for prerogative writs to control discovery sparingly, and to review only matters of first impression or of general importance to the trial courts and the legal profession. (*Matchett* v. *Superior Court* (1974) 40 Cal.App.3d 623, 626 [115 Cal.Rptr. 317].) We issued an order to show cause because the exception created in Evidence Code section 1157 has had only limited prior discussion in other reported decisions.

---

[1]Evidence Code section 1157 as amended in 1975 provides:

"Neither the proceedings nor the records of organized committees of medical or medical-dental staffs in hospitals having the responsibility of evaluation and improvement of the quality of care rendered in the hospital or medical or dental review committees of local medical or dental societies shall be subject to discovery. Except as hereinafter provided, no person in attendance at a meeting of any such committee shall be required to testify as to what transpired thereat. The prohibition relation to discovery or testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting, or to any person requesting hospital staff privileges or in any action against an insurance carrier alleging bad faith by the carrier in refusing to accept a settlement offer within the policy limits.

"The prohibitions contained in this section shall not apply to medical or dental society committees that exceed 10 percent of the membership of the society, nor to any such committee if any person serves upon the committee when his own conduct or practice is being reviewed."

Under Evidence Code section 1157, the proceedings and records of medical staff committees having the responsibility of evaluation and improvement of the quality of care rendered in the hospital are immune from discovery. The immunity is not without exception. The limitation provides: "The prohibition relating to discovery or testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting, . . ." ▉ Petitioner views that portion of section 1157 as a limitation which makes immunity inoperative in a lawsuit charging the hospital and the doctor with negligence arising out of surgical procedures performed in the hospital.

In a case decided by this court in 1974, *Matchett* v. *Superior Court, supra,* 40 Cal.App.3d 623, a similar contention was asserted in a medical malpractice action against the doctor and the hospital in which surgery was performed. The complaint there alleged that the petitioner, a patient in the hospital, suffered injuries resulting from negligent treatment by the doctor and from the hospital's negligence in admitting and retaining the doctor on its staff. Pretrial discovery was sought of hospital and staff records pertaining to the doctor's selection and retention. In reviewing the order of the superior court denying discovery, the court chronicled the history and application of section 1157 as follows:

"Petitioner points to that portion of section 1157 . . . which declares: 'The prohibition relating to discovery or testimony shall not apply . . . to any person requesting hospital staff privileges . . . .' He views this exception as a limitation which makes the immunity inoperative in a lawsuit charging the hospital with negligent selection or retention of 'any person requesting hospital staff privileges.'

"The contention rests upon an interpretation which is inconsistent with the statute's objective. In an accredited hospital, the organized medical staff is responsible to the hospital governing body for the quality of in-hospital medical care; it evaluates the qualifications of applicants and holders of staff privileges; it recommends appointment, reappointment, curtailment and exclusion from staff privileges; it provides peer group methods for reviewing basic medical, surgical and obstetrical functions. (Accreditation Manual: Governing Body and Management, p. 6; Medical Staff, pp. 5-7; Medical Record Services, p. 3.) When medical staff committees bear delegated responsibility for the competence of staff practitioners, the quality of in-hospital medical care depends heavily upon the committee members' frankness in evaluating

their associates' medical skills and their objectivity in regulating staff privileges. Although composed of volunteer professionals, these committees are affected with a strong element of public interest.

"California law recognizes this public interest by endowing the practitioner-members of hospital staff committees with a measure of immunity from damage claims arising from committee activities. (Civ. Code, § 43.7; *Ascherman* v. *San Francisco Medical Society* (1974) 39 Cal.App.3d 623 [114 Cal.Rptr. 681].) Evidence Code section 1157 expresses a legislative judgment that the public interest in medical staff candor extends beyond damage immunity and requires a degree of confidentiality. It was enacted in 1968 in apparent response to this court's decision in *Kenney* v. *Superior Court* (1967) 255 Cal.App.2d 106 [63 Cal.Rptr. 84]. There we sustained a malpractice plaintiff's claim to discovery of hospital staff records which might reveal information bearing upon the competence of the defendant doctor. In *Kenney* only the doctor was a defendant, not the hospital. Nevertheless, a public policy question was raised by malpractice plaintiffs' access to medical files revealing committee investigations and appraisals of their peers. Section 1157 was enacted upon the theory that external access to peer investigations conducted by staff committees stifles candor and inhibits objectivity. It evinces a legislative judgment that the quality of in-hospital medical practice will be elevated by armoring staff inquiries with a measure of confidentiality." (Fn. omitted.) (*Id.,* at pp. 628-629.)

It is here asserted by petitioner that the statutory exception for "any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting," vitiates the privilege since both Woodland Memorial Hospital and Dr. Stavig are defendants in her medical malpractice action. We cannot agree that the reasoning to be applied here is any different than it was in *Matchett.* To declare that the immunity is to be set aside when either the staff doctor or the hospital are parties to the malpractice proceeding would not only achieve an absurd result, but would render sterile the immunity provisions of the statute.

As this court said in *Matchett,* "This confidentiality exacts a social cost because it impairs malpractice plaintiffs' access to evidence. In a damage suit for in-hospital malpractice against doctor or hospital or both, unavailability of recorded evidence of incompetence might seriously jeopardize or even prevent the plaintiff's recovery. Section 1157 represents a legislative choice between competing public concerns. It em-

braces the goal of medical staff candor at the cost of impairing plaintiffs' access to evidence.

"The statute, then, is aimed directly at malpractice actions in which a present or former hospital staff doctor is a defendant. The statutory exception for 'any person requesting hospital staff privileges' cannot be construed as plaintiff contends. To all appearances the exception was designed to set the immunity to one side and to permit discovery in suits by doctors claiming wrongful or arbitrary exclusion from hospital staff privileges. (See, e.g., *Willis* v. *Santa Ana etc. Hospital Assn.* (1962) 58 Cal.2d 806 [26 Cal.Rptr. 640, 376 P.2d 568]; *Ascherman* v. *San Francisco Medical Society, supra,* 39 Cal.App.3d 623; 17 Stan.L.Rev. 900.)" (Fn. omitted.) (*Id.,* at pp. 629-630.)

The exception created in section 1157 was designed to set aside the immunity and permit discovery in suits by doctors claiming wrongful or arbitrary exclusion from hospital staff privileges. It does not apply to a malpractice proceeding in which the doctor or the hospital have been made parties; such circumstances do not open to discovery hospital staff records containing medical committee investigation reports and peer appraisals.

█ In arriving at our conclusion, we have employed the rule of statutory construction that where a statute is susceptible of different constructions, one leading to mischief or absurdity and the other consistent with justice and common sense, the latter will be adopted. (*Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30 [124 Cal.Rptr. 852].)

In the various requests for discovery, both by deposition and interrogatory, petitioner sought personnel, administrative and other hospital records relative to Dr. Stavig and reports relating to the suspension of Dr. Stavig's surgical privileges. The protective order by the court precluded all such records from discovery under the blanket protection of section 1157.

Section 1157 applies only to records of and proceedings before medical investigative committees. It is conceivable that the records of the hospital administrative staff do not contain reference to proceedings of the medical advisory board and, to that extent, are not within the protection of section 1157. The record does not reveal whether the court found each item of evidence requested, after review at an in-camera

hearing, to have been the product of the medical advisory board proceeding. For that reason, a peremptory writ of mandate will issue with directions to the respondent court to reconsider and act upon those portions of petitioner's pretrial discovery motion which are directed only at hospital administration files not resulting from the investigation conducted by the advisory board. The petition is otherwise denied. The real parties in interest shall recover their costs.

Puglia, P. J., and Paras, J., concurred.