[Civ. No. 16653. Third Dist. June 17, 1977.]

ROSEVILLE COMMUNITY HOSPITAL, Petitioner, v.
THE SUPERIOR COURT OF PLACER COUNTY, Respondent;
PHYSICIANS' CONSULTING LABORATORIES,
Real Party in Interest.

**COUNSEL**

McDonough, Holland, Schwartz & Allen and Gary F. Loveridge for Petitioner.

No appearance for Respondent.

Rust & Armenis and John F. Mounier, Jr., for Real Party in Interest.

**OPINION**

**REGAN, Acting P. J.**—We issued a stay and an alternative writ of mandate commanding the respondent superior court to set aside its order of February 22, 1977, compelling the production of certain documents by petitioner (hereafter defendant) for examination by real parties in interest (hereafter plaintiff).[1] The documents include minutes, records and tape recordings of certain staff committees and the board of directors of defendant in an action filed against it by plaintiff.

The action, filed January 18, 1977, consists of a complaint for declaratory relief and money damages. It is based on allegations of (1) a controversy

---

[1]In the lower court PHYSICIANS' CONSULTING LABORATORIES was plaintiff, and ROSEVILLE COMMUNITY HOSPITAL was defendant.

over rights and duties under a 1974 arbitration award and refusal of defendant to submit to further arbitration and (2) breach of the 1974 arbitration award resulting in money damages.

It is defendant's position that the trial court erred as to all the items it ordered turned over to plaintiff, which had requested them under the general discovery procedures of Code of Civil Procedure section 2031. The items fall into two groups: (a) all written minutes, tapes or other magnetic recordings of the regular and special meetings of the executive committee of the medical staff of defendant from January 1, 1974, to date of the order including several specific designated dates; (b) all written minutes, tapes or other magnetic recordings of the regular, special and executive committee meetings of the professional standards committee insofar as they relate to plaintiff.

Defendant contends the trial court's order is in excess of its jurisdiction and in violation of limitations on its authority imposed by statutes and precedents, in that the records of the executive committee of the medical staff and the professional standards committee would be disclosed in violation of Evidence Code section 1157.

Plaintiff counters with arguments that Evidence Code section 1157 is inapplicable as to the committee meetings and there is no legitimate reason to deny discovery of the items in question.

The case arose from actions taken by the committees and board of directors of defendant hospital which culminated in the dismissal or termination of plaintiff (a partnership of pathologists) as the exclusive clinical pathologist for the defendant hospital. It is alleged that defendant breached plaintiff's rights under a working arbitration agreement in the nature of an employment contract.

The principal basis of defendant's petition relating to the discovery of the minutes and tapes of the committees is Evidence Code section 1157 and our decisions in the cases of *Matchett* v. *Superior Court* (1974) 40 Cal.App.3d 623 [115 Cal.Rptr. 317], and *Schulz* v. *Superior Court* (1977) 66 Cal.App.3d 440 [136 Cal.Rptr. 67]. Defendant contends that under the code section and our decisions, the minutes and recordings of all meetings of both committees concerned with the matters at hand are immune from discovery and are not subject to any exceptions to such immunity contained in the statute as construed by our decisions.

Plaintiff, on the other hand, contends that under our decisions, Evidence Code section 1157 is no bar to discovery of the minutes and tapes in question.

Evidence Code section 1157, in pertinent summary, gives a blanket exclusion from discovery to proceedings and records of committees of hospital medical staffs concerned with evaluation and improvement of the quality of care in the hospital. The section contains an express exception allowing discovery as to statements made by any person in attendance at a committee meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting, and also as to any person requesting hospital staff privileges.[2]

In *Matchett* we recognized that Evidence Code section 1157 was enacted in 1968 in apparent response to this court's decision in a 1967 case in which we sustained a malpractice plaintiff's claim to discovery of hospital staff records which might reveal information bearing upon the competence of a defendant doctor. (See *Kenney* v. *Superior Court* (1967) 255 Cal.App.2d 106 [63 Cal.Rptr. 84].) The petitioner in *Matchett* sought to achieve a judicial construction of the exclusionary clause in section 1157, relating to persons requesting hospital staff privileges, which would allow him to use pretrial discovery to obtain proceedings and records of hospital committees when both a staff doctor *and a hospital* were defendants in the malpractice action. The theory of the action as against the hospital was negligent selection or retention of the defendant doctor on its staff. We refused to so construe the statute in question and denied the writ to compel discovery of those portions of the hospital records. In so doing, we pointed out that [¶] "The statute, then, is aimed directly at

---

[2]Evidence Code section 1157 was first enacted in 1968 and has remained the same to date, except for the addition of dental committees in a 1975 amendment not here pertinent. The section now reads as follows in entirety:

"Neither the proceedings nor the records of organized committees of medical or medical-dental staffs in hospitals having the responsibility of evaluation and improvement of the quality of care rendered in the hospital or medical or dental review committees of local medical or dental societies shall be subject to discovery. Except as hereinafter provided, no person in attendance at a meeting of any such committee shall be required to testify as to what transpired thereat. The prohibition relating to discovery or testimony shall not apply to the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting, or to any person requesting hospital staff privileges, or in any action against an insurance carrier alleging bad faith by the carrier in refusing to accept a settlement offer within the policy limits.

"The prohibitions contained in this section shall not apply to medical or dental society committees that exceed 10 percent of the membership of the society, nor to any such committee if any person serves upon the committee when his own conduct or practice is being reviewed."

malpractice actions in which a present or former hospital staff doctor is a defendant. The statutory exception for 'any person requesting hospital staff privaleges' cannot be construed as plaintiff contends. To all appearances the exception was designed to set the immunity to one side and to permit discovery in suits by doctors claiming wrongful or arbitrary exclusion from hospital staff privileges." (40 Cal.App.3d at pp. 629-630.)

We have not changed our view of the statute as so expressed in *Matchett.* We recently reiterated essentially the same view in *Schulz, supra,* 66 Cal.App.3d at pages 444-445, in which we also considered the exception in section 1157 allowing discovery involving "any person in attendance at a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting." In *Schulz,* the doctor had made statements to the medical advisory board of the hospital and the medical malpractice action named both the doctor and the hospital as defendants. We held this did not require the immunity from discovery to be set aside in a malpractice action because it would achieve an absurd result and render the immunity provisions of the statute sterile. (*Id.,* at p. 445.)

Plaintiff's basic contention here that the proceedings and records of the executive committee of the medical staff and of the professional standards committee are in an entirely different category from those in *Matchett* and *Schulz* is well taken. The present case is an excellent illustration of the wisdom of the Legislature in providing the exception in Evidence Code section 1157 to which we adverted in our *Matchett* decision, i.e., the exception relating to "any person requesting hospital staff privileges." We anticipated in *Matchett* that situations would arise in which doctors have been subjected to (allegedly) wrongful or arbitrary exclusions from hospital staff privileges. We indicated in *Matchett,* by way of dictum, that the exclusionary language in the statute was to all appearances designed to allow such doctors in such situations to obtain by discovery the necessary information to test the legality of their exclusion in a court action. (See *Matchett* v. *Superior Court, supra,* 40 Cal.App.3d at pp. 629-630.) We declare this statement of law is no longer dictum. *Matchett,* therefore, prophesied the exact issue we now face.

Speaking technically, it could be argued that some of the doctors involved in the instant case may not have been "staff members," in that they are members of a medical group which works under contract (encompassed in the arbitration award) as a pathological service unit of

the hospital. However, in the common conception of words and parlance (which we must presume is the genesis of a nontechnical statute) we do not read the words "staff member" in a highly technical or restrictive manner. Moreover, under the contract (arbitration award) accepted by all the parties in 1974, plaintiff was designated as the sole group of doctors to operate the entire department of pathology of defendant hospital. One of the group physicians was specifically designated as chief of the pathology department. None of the physicians in the group was allowed to use any of the hospital premises in the general practice of medicine. The hospital furnished space but the association furnished its own equipment. The association was designated an independent contractor but its laboratory employees are required to abide by all hospital rules and regulations applicable to all hospital employees as a condition of continued employment in the pathology facility.

While it could certainly be argued, if this were a vicarious liability case, involving agency principles, that plaintiff is not an employee of defendant, the "staff" concept is quite different when the word is used in connection with a hospital in the context of Evidence Code section 1157 and bearing in mind the legislative purpose as we see it. (Cf. *Blank* v. *Palo Alto-Stanford Hospital Center* (1965) 234 Cal.App.2d 377 [44 Cal.Rptr. 572]; *Letsch* v. *Northern San Diego County Hosp. Dist.* (1966) 246 Cal.App.2d 673 [55 Cal.Rptr. 118].)

The facts before us demand recognition of the legislative purpose, with particular emphasis on the exception allowing discovery in connection with staff discharge or staff exclusion matters. Plaintiff was informed by a series of letters from the president of the board of directors of defendant hospital that the board in executive session elected to terminate the contractual relationship set forth in the 1974 arbitration award, based upon recommendations of the medical staff setting forth that it (the medical staff) had "no confidence" in plaintiff. One of plaintiff's member doctors was also removed as chairman of the tissue and transfusion committee of defendant hospital on the basis of the same medical staff recommendations.

Plaintiff sought in writing to obtain a copy of charges presented before the medical staff committees. The contract provisions allowed for termination "if the quality and/or quantity of professional services fall below that normally and customarily provided in accordance with Hospital's customary standards."

In view of these provisions in the contract, the need to discover what transpired in the staff committees' meetings and what charges were made when the termination of plaintiff was for the vague reason of "no confidence" is obvious. The need being obvious, and the statute having been drafted to accomodate such need, we hold that the trial court did not err in making available to plaintiff the minutes, records and tape recordings of the subject committees for purposes of discovery in preparation of plaintiff's lawsuit.[3]

The writ is denied, the order to show cause is discharged and the stay order is dissolved.[4]

Janes, J., and Reynoso, J., concurred.

A petition for a rehearing was denied July 12, 1977, and petitioner's application for a hearing by the Supreme Court was denied August 11, 1977.

---

[3]Defendant pointed out in oral argument that certain portions of the minutes or tapes of the executive committee of the medical staff do not apply to this case. The usual method would be to excise such material, but both counsel pointed out that this was tried through a third-party mediator and failed. It therefore must be left to the sound discretion of both parties and the trial court to protect from public divulgence any matters possibly detrimental to the third parties as this case proceeds.

[4]Having based our decision on the "staff privileges" exception in Evidence Code section 1157, we do not decide whether the "party to an action" exception is also applicable, either as to certain members of plaintiff association who may have been present at one or more committee meetings or as to the committee members themselves. None of these individuals is named in the complaint, except possibly as "Does."