[Civ. No. 70020. Second Dist., Div. Two. Mar. 16, 1984.]

WEST COVINA HOSPITAL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
TERRI JO TYUS et al., Real Parties in Interest.

**COUNSEL**

Hagenbaugh & Murphy, Horvitz & Greines, Horvitz & Levy, Barry R. Levy and David S. Ettinger for Petitioner.

No appearance for Respondent.

Shan K. Thever for Real Parties in Interest.

Opinion

**BEACH, J.—**

Nature of Proceeding:

Petition for writ of mandate to compel the trial court to vacate and set aside certain discovery orders. We issued our alternative writ and heard the matter. We now grant the petition and order that a peremptory writ issue.

Discussion:

Plaintiff is suing defendant hospital alleging that it was negligent in its selection and retention on its staff of Dr. McCowan. Plaintiff's medical malpractice action against Dr. McCowan has already been settled (see Code Civ. Proc., § 877.6). The hospital appears to be the remaining defendant. In this mandate proceeding defendant hospital contests several discovery orders issued by the trial court which defendant claims violate the mandate of Evidence Code section 1157.

Evidence Code section 1157 protects from discovery reports and other documents of any medical staff committee assigned the task of evaluating a doctor's performance. *Matchett* v. *Superior Court* (1974) 40 Cal.App.3d 623, 629 [115 Cal.Rptr. 317] contains the following analysis of the statute: "Section 1157 was enacted upon the theory that external access to peer investigations conducted by staff committees stifles candor and inhibits objectivity. It evinces a legislative judgment that the quality of in-hospital medical practice will be elevated by armoring staff inquiries with a measure of confidentiality.

"This confidentiality exacts a social cost because it impairs malpractice plaintiffs' access to evidence. In a damage suit for in-hospital malpractice against doctor or hospital or both, unavailability of recorded evidence of incompetence might seriously jeopardize or even prevent the plaintiff's recovery. Section 1157 represents a legislative choice between competing public concerns. It embraces the goal of medical staff candor at the cost of impairing plaintiffs' access to evidence."

Evidence Code section 1157 provides: "Neither the proceedings nor the records of organized committees of medical, medical-dental or veterinary staffs in hospitals having the responsibility of evaluation and improvement of the quality of care rendered in the hospital or medical or dental review or dental hygienist review or chiropractic review or veterinary review committees of local medical, dental, dental hygienist, veterinary, or chiropractic

societies shall be subject to discovery. Except as hereinafter provided, no person in attendance at a meeting of any such committee shall be required to testify as to what transpired thereat. The prohibition relating to discovery or testimony shall not apply to [1] the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting, or [2] to any person requesting hospital staff privileges, or in [3] any action against an insurance carrier alleging bad faith by the carrier in refusing to accept a settlement offer within the policy limits.

"The prohibitions contained in this section shall not apply to medical, dental, dental hygienist, veterinary or chiropractic society committees that exceed 10 percent of the membership of the society, nor to any such committee if any person serves upon the committee when his own conduct or practice is being reviewed."

■ The exception in the first paragraph of the section, to nondiscoverability of "statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting," has been interpreted to *not* apply to medical malpractice actions. It was found to have been designed merely to set aside the immunity and permit discovery in suits by doctors claiming wrongful or arbitrary exclusion from hospital staff privileges. (*Matchett* v. *Superior Court, supra,* 40 Cal.App.3d 623; *Schulz* v. *Superior Court* (1977) 66 Cal.App.3d 440, 446 [136 Cal.Rptr. 67].)

In granting plaintiff's discovery request, and apparently to circumvent the interpretation thus established, the trial court found applicable the exception contained in the *last* paragraph of the statute. It reasoned that discovery of records of hospital committee proceedings is not barred if plaintiff could show that Dr. McCowan was a member of the hospital medical staff committee at the time his conduct was being reviewed by that committee. As a result, the trial court granted plaintiff's discovery requests to learn at what hospital committee meetings, if any, Dr. McCowan's work was discussed and if Dr. McCowan served upon said hospital committees during the committee's review of his work.[1] This discovery was granted on the rationale that it could establish the requisite foundational facts to give plaintiff discovery of the contents of those meetings.

---

[1] A declaration submitted to the trial court by defendant hospital's attorney states, inter alia: "Dr. McCowan was a member or a chairman of various committees at West Covina Hospital."

■ The trial court's ruling is erroneous and a misreading of the statute.[2] It is clear the statute specifically refers to *two* separate types of committees, i.e., (1) those of a *hospital staff* and (2) those of a *medical society.* The exceptions contained in the last paragraph are relevant to and apply only when the proceedings and records sought to be discovered are those of a committee of a medical *society,* not of a *hospital staff.* The trial court's interpretation of "any such committee" in the second portion of the sentence as referring to or embracing a hospital staff committee is incorrect. Under plain, ordinary and accepted rules of grammar and usage, the word "such" refers only to the medical society committees mentioned directly before it in the same sentence. It cannot refer to hospital medical staff committees discussed in the previous paragraph.[3] This is further supported by the legislative history and prior case authority.

Plaintiff points to the recent decision of *Elam* v. *College Park Hospital* (1982) 132 Cal.App.3d 332 [183 Cal.Rptr. 156], which held that a hospital is accountable for negligently screening the competency of its medical staff to insure the adequacy of medical care rendered to patients at its facility. From this, plaintiff argues that: "The attendance records of the specified committees are relevant to the subject matter of a medical malpractice action based on corporate responsibility, are material to the issues of whether reviews or selections were carefully conducted or took place at all. . . ."

This is true; discovery of the sought material would in all likelihood lead to very material and admissible evidence. But the Legislature has made the judgment call that an even more important societal interest is served by declaring such evidence "off limits." No appellate case construing Evidence Code section 1157 since *Elam* has been brought to our attention. Nothing in the prior cases interpreting the statutes suggest a different result in the case at bar. (*Henry Mayo Newhall Memorial Hosp.* v. *Superior Court* (1978) 81 Cal.App.3d 626 [146 Cal.Rptr. 542]; *Roseville Community Hospital* v. *Superior Court* (1977) 70 Cal.App.3d 809 [139 Cal.Rptr. 170]; *Schulz* v. *Superior Court, supra,* 66 Cal.App.3d 440; *Matchett* v. *Superior Court, supra,* 40 Cal.App.3d 623.)

The case apparently is now proceeding against the hospital on the theory of *Elam,* i.e., negligent screening, admission and/or retention of the doctor or doctors who participated in the medical procedures on plaintiff. But noth-

---

[2]Interestingly, a few months earlier, plaintiff brought a discovery request almost identical to the one granted herein. However, it was denied (by a different trial court). Plaintiff thereafter filed a writ petition which was denied by another division of this court; her petition for hearing in the Supreme Court was denied.

[3]The present petition also attacks the trial court's order which ostensibly established "guidelines" for hypothetical future disputes.

ing in *Elam* holds or even suggests a result contrary to that reached in the cases cited immediately above. Moreover, the relevance of hospital's records to show its conduct, whether careful or negligent, cannot serve to validate the error of misapplication by the trial court of the exclusions described in the second paragraph of Evidence Code section 1157 to a situation to which only to the first paragraph of that section applies.

The trial court's ruling was error and would result in disclosure of statutorily defined nondiscoverable matter.

Let a peremptory writ of mandate issue directed to the respondent court directing it:

1. To vacate and set aside its order of June 27, 1983, (a) compelling petitioner hospital to produce its medical staff committee attendance records, compelling the attendance at deposition of Barbara Fess, or any hospital employee with medical staff committee minutes, and attendance sheets, and (b) establishing guidelines for the applicability of Evidence Code section 1157.

2. To make and enter a different order and in conformity with the views expressed herein.[4]

Roth, P. J., and Gates, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied June 27, 1984. Bird, C. J., was of the opinion that the petition should be granted.

---

[4]We do not here direct issuance of the writ as to only part of the order, nor are we concerned that the order is too broad and sweeping nor that the records can be produced to the trial court *in camera,* to determine which matters may be discovered and which are protected therefrom (see *County of Kern* v. *Superior Court* (1978) 82 Cal.App.3d 396, 402 [147 Cal.Rptr. 248]; *Matchett* v. *Superior Court, supra,* 40 Cal.App.3d 623, 628.), nor remand the cause to the trial court to reword and limit its order (*Schulz* v. *Superior Court, supra,* 66 Cal.App.3d 440, 447). The order is void because of the misinterpretation expressly recited by the trial court.