[Civ. No. 23370. Third Dist. June 7, 1984.]

LINDA SNELL, Petitioner, v.
THE SUPERIOR COURT OF EL DORADO COUNTY, Respondent;
MARSHALL HOSPITAL et al., Real Parties in Interest.

COUNSEL

David M. Blackman and Blackman & Blackman for Petitioner.

No appearance for Respondent.

Barry R. Levy, David M. Axelrad, David S. Ettinger, David J. Bills, Bills & Price, Horvitz & Greines and Horvitz & Levy for Real Parties in Interest.

OPINION

**EVANS, Acting P. J.**—By petition for writ of mandate, petitioner Linda Snell seeks to compel discovery of real party in interest Marshall Hospital's "personnel files . . . including, . . . all applications for surgical privileges" pertaining to real parties in interest William Colliflower, M.D., and Robert Carter, M.D. In her underlying action, she asserted the hospital had been negligent in its selection and retention on its staff of Drs. Colliflower and Carter.

Petitioner's motion in respondent court to compel hospital to produce the personnel files (Code Civ. Proc., § 2034) asserted the hospital personnel files maintained by the hospital administration were not immune from discovery pursuant to Evidence Code section 1157. Hospital's opposition to the motion relied on the declaration of hospital administrator Frank Nachtman in which he stated that the personnel files of the doctors are "not . . . file[s] of the hospital administration, but [are] file[s] of the Quality Assurance Committee." The trial court denied the motion to compel.

Petitioner also sought by pretrial discovery to determine whether hospital required staff physicians and/or physicians who had surgical privileges to

carry malpractice insurance during the year 1982. By interrogatory she also asked: "(a) If so, please state the amount of coverage and identify any rule or regulation so specified. [¶] (b) If not, please state each and every reason for not requiring physicians to maintain individual malpractice coverage while they were engaging in surgery at Marshall Hospital."

Hospital refused to answer the interrogatories asserting they "seek information that is irrelevant to the facts and issues in dispute in this action, and they seek information that is not reasonably calculated to lead to the discovery of any fact germane to any issue in dispute in this action." Petitioner moved to compel (Code Civ. Proc., § 2030, subd. (a)); that motion was also denied.

■ Evidence Code section 1157 protects from discovery reports and other documents of any medical staff committee assigned the task of evaluating the performance of a doctor. *Matchett* v. *Superior Court* (1974) 40 Cal.App.3d 623, 629 [115 Cal.Rptr. 317], analyzes the statute as follows: "Section 1157 was enacted upon the theory that external access to peer investigations conducted by staff committees stifles candor and inhibits objectivity. It evinces a legislative judgment that the quality of in-hospital medical practice will be elevated by armoring staff inquiries with a measure of confidentiality. [¶] This confidentiality exacts a social cost because it impairs malpractice plaintiffs' access to evidence. In a damage suit for in-hospital malpractice against doctor or hospital or both, unavailability of recorded evidence of incompetence might seriously jeopardize or even prevent the plaintiff's recovery. Section 1157 represents a legislative choice between competing public concerns. It embraces the goal of medical staff candor at the cost of impairing plaintiffs' access to evidence." (Fns. omitted.)

Evidence Code section 1157 provides, "Neither the proceedings nor the records of organized committees of medical, medical-dental, . . . or veterinary staffs in hospitals having the responsibility of evaluation and improvement of the quality of care rendered in the hospital or medical or dental review or dental hygienist review or chiropractive review or . . . veterinary review committees of local medical, dental, dental hygienist, . . . veterinary, or chiropractic societies, shall be subject to discovery. Except as hereinafter provided, no person in attendance at a meeting of any such committee shall be required to testify as to what transpired thereat. The prohibition relating to discovery or testimony shall not apply to [1] the statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting, or [2] to any person requesting hospital staff privileges, or in [3] any action

against an insurance carrier alleging bad faith by the carrier in refusing to accept a settlement offer within the policy limits.

"The prohibitions contained in this section shall not apply to medical, dental, dental hygienist, . . . veterinary or chiropractic society committees that exceed 10 percent of the membership of the society, nor to any such committee if any person serves upon the committee when his or her own conduct or practice is being reviewed."

■ Neither of the exceptions provided in section 1157 is applicable in this instance. First, a review committee of a local medical society is not involved. The records sought are the records maintained by the hospital relative to staff members. The second exception contained in the first paragraph of Evidence Code section 1157 relative to nondiscoverability of "statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting," has been interpreted not to apply to medical malpractice actions. This court has previously determined that the exception was designed merely to set aside the immunity and permit discovery in suits by doctors claiming wrongful or arbitrary exclusion from hospital staff privileges. (*Matchett* v. *Superior Court, supra,* 40 Cal.App.3d 623; *Schulz* v. *Superior Court* (1977) 66 Cal.App.3d 440, 446 [136 Cal.Rptr. 67].) The statute specifically refers to two separate types of committees; one, those of a hospital staff and two, those of a medical society. In this instance, petitioner has sought only to discover the records of the hospital staff.

Petitioner relies on the recent decision of *Elam* v. *College Park Hospital* (1982) 132 Cal.App.3d 332 [183 Cal.Rptr. 156], which held that a hospital is accountable for negligently screening the competency of its medical staff to insure the adequacy of medical care rendered to patients at its facility. Petitioner argues that the *Elam* decision constitutes a substantial change in the scope of the application of Evidence Code section 1157 when it is asserted that a hospital is accountable for negligently screening the competency of its medical staff to insure the adequacy of medical care extended to patients at its facilities. While it is true that discovery of the sought material would in all likelihood lead to valuable material and admissible evidence, the Legislature nevertheless has determined that an even more important societal interest must be served by declaring that evidence to be immune from discovery. We disagree with petitioner's analysis of the *Elam* decision. We fail to discern anything in *Elam* which holds or even suggests a result contrary to that reached in prior cases interpreting or construing Evidence Code section 1157 (see *Henry Mayo Newhall Memorial Hosp.* v. *Superior Court* (1978) 81 Cal.App.3d 626 [146 Cal.Rptr. 542]; *Roseville Community Hospital* v. *Superior Court* (1977) 70 Cal.App.3d 809 [139 Cal.Rptr. 170];

*Schulz* v. *Superior Court, supra,* 66 Cal.App.3d 440; *Matchett* v. *Superior Court, supra,* 40 Cal.App.3d 623).[1] The relevance of a hospital's records to show its conduct, whether careful or negligent, cannot serve as an implied exception to the clear, absolute immunity legislatively established in Evidence Code section 1157. (See *West Covina Hospital* v. *Superior Court* (1984) 153 Cal.App.3d 134, 138-139 [200 Cal.Rptr. 162].)

*Matchett* also involved a medical malpractice plaintiff who sued a hospital on the theory it had negligently screened, admitted and/or retained a staff physician. The trial court denied petitioner's motion to compel production of the physician's "personnel and/or staff file" from the hospital; however, this court subsequently held the order denying discovery "too sweeping." We stated that section 1157 "does not embrace the files of the hospital administration (as distinguished from staff). The trial court should have inquired into the existence of a hospital administration file concerning the doctor and, if such a file existed, should have permitted its inspection, excluding any portions which reflected the proceedings of staff committees conforming to the specifications of the immunity statute." (40 Cal.App.3d at p. 628.)

In this instance, the declaration of the hospital administrator clearly sets forth that the hospital administration did not maintain personnel files on the doctors. The only files maintained are those of a peer review committee. Evidence Code section 1157 makes such files absolutely immune from discovery.

In any event, petitioner has not provided a transcript of the hearing on the motion to compel production; as a consequence, it cannot be ascertained whether the trial court "inquired into the existence of . . . hospital administration file[s] concerning the [two] doctor[s]." In *Lemelle* v. *Superior Court* (1978) 77 Cal.App.3d 148, at page 156 [143 Cal.Rptr. 450], the court noted that "In the absence of a transcript the reviewing court will have no way of knowing in many cases what grounds were advanced, what arguments were made and what facts may have been admitted, mutually assumed or judicially noticed at the hearing. In such a case, no abuse of discretion can be found except on the basis of speculation."

---

[1]As one commentary has correctly stated, "Eight years before the *Elam* decision, the question of the discovery of medical staff committee records in a hospital corporate negligence case was squarely addressed in *Matchett* v. *Superior Court.*" (Loveridge & Kimball, *Hospital Corporate Negligence Comes to California: Questions in the Wake of Elam* v. *College Park Hospital* (1983) 14 Pacific L.J. 803, 827-828.) Thus the *Elam* decision has not affected the policy considerations before the court in *Matchett* when it delineated the scope of immunity provided in Evidence Code section 1157.

The only evidence presented was that the hospital *did not* maintain administration files concerning the doctors and did not have in its possession applications for surgical privileges. We fail to find any abuse of discretion in the denial of the motion to compel production. (*Southern California Edison Co.* v. *Superior Court* (1972) 7 Cal.3d 832, 840-841 [103 Cal.Rptr. 709, 500 P.2d 621].)

The interrogatories which were also the basis of petitioner's motion to compel asked whether "Hospital require[s] staff physicians and/or physicians who had surgical privileges to carry malpractice coverage during the year 1982." Hospital refused to answer on the ground the interrogatories "seek information that is irrelevant to the facts and issues in dispute in this action, and . . . seek information that is not reasonably calculated to lead to the discovery of any fact germane to any issue in dispute in this action."

■ Under discovery statutes, information is discoverable if it is not privileged and is either relevant to the subject matter of the action or reasonably calculated to reveal admissible evidence. (See Code Civ. Proc., § 2016, subd. (b); *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 171-173 [84 Cal.Rptr. 718, 465 P.2d 854].) As stated in *Pacific Tel.*, ". . . the relevance of the subject matter standard must be reasonably applied; in accordance with the liberal policies underlying the discovery procedures, doubts as to relevance should generally be resolved in favor of permitting discovery [citation]." (Fns. omitted; *id.*, at p. 173.)

This case is proceeding against hospital on the theory it was negligent in the screening, admission, and/or retention of the doctors who participated in the medical procedures on petitioner. (See *Elam* v. *College Park Hospital, supra,* 132 Cal.App.3d 332.) Petitioner asserts the information sought is relevant because "Whether a hospital requires its staff physicians to carry malpractice coverage is part and parcel of its duty of care."

In our view, the question of whether a hospital is negligent in investigating a physician's background and competence, and in maintaining adequate evaluation procedures, is, at best, only tenuously connected to the question of whether it requires its physicians to carry malpractice insurance. By casuistically claiming that a failure to require physicians to carry malpractice coverage is a breach of a duty of care, petitioner is obfuscating the theory on which her suit is assertedly proceeding. The duty of care owed to patients is to admit and screen doctors in a non-negligent fashion, and to provide for ongoing evaluation procedures. That has palpably little to do with whether insurance is required as a condition of being a hospital staff physician or acquiring hospital privileges, a fact implicitly recognized by the Legislature; it has determined that whether a hospital should require

malpractice insurance as a condition of medical staff membership is an entirely discretionary decision. (Health & Saf. Code, § 1319; *Wilkinson* v. *Madera Community Hospital* (1983) 144 Cal.App.3d 436, 442-443 [192 Cal.Rptr. 593].) We find no abuse in the denial of petitioner's motion to compel answers to the interrogatories. (*Southern California Edison Co.* v. *Superior Court, supra,* 7 Cal.3d at pp. 840-841; *Pacific Architects Collaborative* v. *State of California* (1979) 100 Cal.App.3d 110, 127 [166 Cal.Rptr. 184].)

The alternative writ of mandate is discharged; the petition for peremptory writ of mandate is denied.

Sparks, J., and Marler, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.