[No. A026976. First Dist., Div. Three. July 16, 1984.]

MT. DIABLO HOSPITAL MEDICAL CENTER et al., Petitioners, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
JAMES E. POPE et al., Real Parties in Interest.

**COUNSEL**

Richard E. Dodge, Thomas E. Pfalzer and McNamara, Houston, Dodge, McClure & Ney for Petitioner.

No appearance for Respondent.

James C. Glassford and Naphan & Glassford for Real Parties in Interest.

**OPINION**

**WHITE, P. J.**—This petition by the defendant hospital in a medical malpractice action challenges an order requiring disclosure of records at least some of which appear to be protected by Evidence Code section 1157. The trial court ruled that the protection provided by that section had been eroded by the decision in *Elam* v. *College Park Hospital* (1982) 132 Cal.App.3d 332 [183 Cal.Rptr. 156]. Between the time of the trial court's ruling and the petition to this court, the Court of Appeal for the Second District, Division Two, decided *West Covina Hospital* v. *Superior Court* (1984) 153 Cal.App.3d 134 [200 Cal.Rptr. 162], hearing denied June 28, 1984, directly contrary to the trial court's views. We issue a writ of mandate to compel the trial court to vacate its ruling and to reconsider the motion in light of *West Covina Hospital.*

Real parties' lawsuit seeks to hold the hospital liable for alleged malpractice by a doctor given staff privileges by the hospital. *Elam* v. *College Park*

*Hospital, supra,* authorizes a cause of action against a hospital where its "failure to insure the competence of its medical staff through careful selection and review creates an unreasonable risk of harm to its patients." (132 Cal.App.3d 332, 341.)

■ In the prosecution of the lawsuit, real parties sent interrogatories to the hospital asking for information about the action taken on the doctor's application for staff privileges, the action taken to revoke his staff privileges, and any investigation or evaluation of his qualifications during his tenure on the hospital staff. Other questions were directed to the existence of a hospital committee to review qualifications and standards of practice and some sought the identity of the committee members.

In response to many of the questions, the hospital asserted a "privilege pursuant to Evidence Code Section 1157," which provides, in part, and with exceptions not involved here: "Neither the proceedings nor the records of organized committees of medical . . . staffs in hospitals having the responsibility of evaluation and improvement of the quality of care rendered in the hospital . . . shall be subject to discovery. Except as hereinafter provided, no person in attendance at a meeting of any such committee shall be required to testify as to what transpired thereat."

The trial court granted real parties' motion to compel answers to most of the questions. In its order, the court explained that *"Elam* v. *College Park Hospital,* 132 Cal.App.3d 332 would be meaningless unless reasonable discovery is allowed. Since *Elam* was decided after [section 1157] became law, in the face of [section 1157], the *Elam* decision must be given some depth. Therefore, the following answers are compelled notwithstanding *Elam* [*sic*]:".

The argument accepted by the trial court below was made and rejected in *West Covina Hospital* v. *Superior Court, supra,* 153 Cal.App.3d 134, 138-139: "Plaintiff points to the recent decision of *Elam* v. *College Park Hospital* (1982) 132 Cal.App.3d 332 . . . , which held that a hospital is accountable for negligently screening the competency of its medical staff to insure the adequacy of medical care rendered to patients at its facility. From this, plaintiff argues that: 'The attendance records of the specified committees are relevant to the subject matter of a medical malpractice action based on corporate responsibility, are material to the issues of whether reviews or selections were carefully conducted or took place at all. . . .' [¶] This is true; discovery of the sought material would in all likelihood lead to very material and admissible evidence. But the Legislature has made the judgment call that an even more important societal interest is served by declaring

such evidence 'off limits.' No appellate case construing Evidence Code section 1157 since *Elam* has been brought to our attention. Nothing in the prior cases interpreting the statutes suggest a different result in the case at bar. (*Henry Mayo Newhall Memorial Hosp.* v. *Superior Court* (1978) 81 Cal.App.3d 626 . . . ; *Roseville Community Hospital* v. *Superior Court* (1977) 70 Cal.App.3d 809 . . . ; *Schulz* v. *Superior Court, supra,* 66 Cal.App.3d 440 [136 Cal.Rptr. 67]; *Matchett* v. *Superior Court, supra,* 40 Cal.App.3d 623.) [¶] The case apparently is now proceeding against the hospital on the theory of *Elam,* i.e., negligent screening, admission and/or retention of the doctor or doctors who participated in the medical procedures on plaintiff. But nothing in *Elam* holds or even suggests a result contrary to that reached in the cases cited immediately above.''

We agree with *West Covina* that the *Elam* decision has not diminished the protection provided by Evidence Code section 1157. We are not persuaded by real parties' argument that the statute abridges their rights to due process and equal protection. As explained in *Matchett* v. *Superior Court* (1974) 40 Cal.App.3d 623, 629 [115 Cal.Rptr. 317], "[s]ection 1157 was enacted upon the theory that external access to peer investigations conducted by staff committees stifles candor and inhibits objectivity. It evinces a legislative judgment that the quality of in-hospital medical practice will be elevated by armoring staff inquiries with a measure of confidentiality. [¶] This confidentiality exacts a social cost because it impairs malpractice plaintiffs' access to evidence. In a damage suit for in-hospital malpractice against doctor or hospital or both, unavailability of recorded evidence of incompetence might seriously jeopardize or even prevent the plaintiff's recovery. Section 1157 represents a legislative choice between competing public concerns. It embraces the goal of medical staff candor at the cost of impairing plaintiffs' access to evidence.'' (Fns. omitted.) The protection provided by section 1157 is no more burdensome to litigants than are many of the statutory privileges the Legislature has enacted.

We have reached our conclusion after full briefing by the parties. No purpose would be served by issuance of the alternative writ, which would only add delay to reconsideration of the ruling. A peremptory writ in the first instance is proper. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-178 [203 Cal.Rptr. 626, 681 P.2d 893].)

Because the trial court erroneously denied Evidence Code section 1157 its full effect, we return the matter for reconsideration of the motion to compel answers. At that hearing, the court will be required to determine whether, as to each question asked, petitioner has sufficiently established

that an answer cannot be given without divulging the "proceedings [or] the records" of the medical staff committees to which section 1157 refers.

Let a peremptory writ of mandate issue directing the Contra Costa County Superior Court to vacate its order compelling further answers and to reconsider its decision in light of the views expressed herein.

Scott, J., and Anderson, J., concurred.