[Civ. No. 15179. Third Dist. Oct. 9, 1975]

OUTBOARD MARINE CORPORATION et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO
COUNTY, Respondent.
ROY HOWARTH et al., Real Parties in Interest.

32

COUNSEL

Diepenbrock, Wulff, Plant & Hannegan, Davie A. Riegels and James T. Freeman for Petitioners.

No appearance for Respondent.

Rust & Armenis, David C. Rust and David I. Brown for Real Parties in Interest.

OPINION

EVANS, J.—Petitioners Outboard Marine Corporation and William France (hereafter OMC) seek a writ of mandate directing the respondent superior court to vacate its order overruling petitioners' demurrer to the first amended complaint and to sustain the demurrer with leave to amend.

We are called upon to construe both the substantive and procedural provisions of the California Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.) which proscribes certain unfair or deceptive practices and provides for damages. Petitioner OMC manufactures an off-road vehicle known as a Cushman Trackster. Petitioner France is a regional sales representative of OMC. Real party in interest Roy Howarth (hereafter Howarth) and all others similarly situated are alleged purchasers of the trackster.

Howarth filed a class action pursuant to Code of Civil Procedure section 382[1] against petitioners alleging in one cause of action fraudulent concealment of dangerous defects and false representation as to the capabilities of the vehicle.

Petitioners' demurrer to the original complaint asserted the Consumers Legal Remedies Act provided the exclusive remedy in an action involving deceptive representation, and required an allegation of compliance with the procedural requisites of the act. The respondent

---

[1]Section 382 of the Code of Civil Procedure provides:
"If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

court sustained the demurrer and granted 30 days leave to amend. The first amended complaint separated into two causes of action the allegations of the original complaint. The first cause of action was brought pursuant to Code of Civil Procedure section 382 for "Fraudulent Concealment of Defective Design." It alleged that petitioners owed a duty to purchasers to disclose and not suppress the fact that the trackster was defectively designed; that petitioners knew the vehicle was unstable and would roll over forward on a downgrade and that its braking system was totally defective; that petitioners deliberately and fraudulently concealed the defects from Howarth; and finally, although petitioners knew the trackster would not operate within "its design criteria," knew Howarth, as a purchaser, would attempt to operate the machine within its purported design capabilities.

The second cause of action was brought under the Consumers Legal Remedies Act alleging fraudulent misrepresentation. It stated that petitioners deceitfully and falsely represented to Howarth and others similarly situated that the trackster was designed to operate within the parameters of the following specifications:

(1) Gradeability: 100 percent grade or 45° plus;

(2) Side hill ability: 45°;

(3) Literally makes the impassable possible;

(4) "[P]rovide the traction to get . . . up grades as steep as 100 percent and even greater;"

(5) The vehicle runs smoothly over rocks, stones and rough places;

(6) "The nature of an all-terrain vehicle is such that it is often driven into wild, hitherto inaccessible country . . . . Here it is at last—the most reliable all-terrain vehicle ever produced—the one that takes you in and brings you back!"

Petitioners' demurrer to the first amended complaint again contended that the first cause of action was covered by the Consumers Legal Remedies Act and that compliance with the act must be alleged in order to plead a cause of action. It was asserted with respect to the second cause of action that compliance with the precomplaint notice procedures of the act had not been adequately alleged. The respondent court overruled petitioners' demurrer to the first amended complaint, both as to the first and second causes of action.

I

We initially consider whether the first cause of action in the first amended complaint entitled, "Class Action Pursuant to Code of Civil Procedure § 382; Cause of Action for Fraudulent Concealment of Defective Design" is covered by the Consumers Legal Remedies Act. The Legislature provided in Civil Code section 1751 a statement of public policy making any attempted waiver by a consumer of the provisions of the Consumers Legal Remedies Act contrary to public policy unenforceable and void. Civil Code section 1770 sets forth the proscribed practices, and in part provides as follows:

"The following . . . unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

". . . . . . . . . . . . . . . . . . . . . .

"(e) Representing that goods or services have . . . characteristics, . . . uses, [or] benefits, . . . which they do not have . . . .

". . . . . . . . . . . . . . . . . . . . . .

"(g) Representing that goods or services are of a particular standard, quality, or grade, . . . if they are of another.

". . . . . . . . . . . . . . . . . . . . . .

"(i) Advertising goods or services with intent not to sell them as advertised.

". . . . . . . . . . . . . . . . . . . . . .

"(n) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not."

The parties here do not dispute that for complaints, including class actions, alleging conduct described in Civil Code section 1770, filed after January 1, 1971, the effective date of the Consumers Legal Remedies Act, the procedures specified in the act must be utilized and alleged. The act provides the exclusive remedy for conduct falling within its purview. (*Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513].)

■ The real parties in interest argue that the Consumers Legal Remedies Act is the exclusive remedy only for conduct which is alleged in terms specified by the statute. Petitioners argue the act provides the exclusive remedy for conduct which is reasonably described or encompassed by the language of the act even though pleaded in terms not specified in the statute.

We conclude the Consumers Legal Remedies Act provides the exclusive remedy for conduct encompassed by the act, regardless of the language utilized in the pleading. To hold otherwise would allow avoidance of the coverage of the act merely by pleading in language not specified by the statute. In *Vasquez,* the Supreme Court was presented with the argument that since the act contains important protective procedures for defendants, if consumers were allowed to bring class actions under Code of Civil Procedure section 382 as an alternative to the act, "no plaintiff will choose to sue under the act . . . ." (P. 818.)

The purpose and intent of the Legislature in passing the statute must be considered. (*Cooper* v. *Swoap* (1974) 11 Cal.3d 856 [115 Cal.Rptr. 1, 524 P.2d 97].) The Supreme Court has made it clear in *Vasquez* that the legislative intent was not to grant consumers the unfettered discretion whether or not to sue under the act. The court pointed out that consumers have no choice if the defendant's conduct falls within the purview of the act, for it provides the exclusive remedy.

As we view the applicable statutory provisions, the unreasonableness of Howarth's assertion is obvious. Substance must prevail over form, and the provisions of the Consumers Legal Remedies Act must not be technically confined to pleading allegations couched only in the language of the statute. ■ As this court stated in *Lampley* v. *Alvares* (1975) 50 Cal.App.3d 124, 128 [123 Cal.Rptr. 181], "Where a statute is susceptible of two constructions, one leading to mischief or absurdity, and the other consistent with justice and common sense, the latter must be adopted."

■ The conduct described in the first amended complaint reasonably and unquestionably falls within the activities proscribed by Civil Code section 1770.

It is fundamental that every affirmative misrepresentation of fact works a concealment of the true fact. The first cause of action of the first amended complaint is a semantical attempt to evade the requirement of the act by pleading the converse of the conduct specified in the act. A comparison of the allegations contained in the second cause of action

with the concealment allegations of the first cause of action reveals that the two causes of action allege, in different language, identical conduct. The second cause of action alleges, among other things, that the Cushman Trackster has "Great ability: 100% grade or 45° plus" while the first cause of action stated that it was concealed that the trackster did not have that capability; to say that the hydrastatic transmission provides "positive braking" as alleged in the second cause of action, necessarily conceals that the braking system is "totally defective." The allegation that the trackster's "maneuverability is unsurpassed" because of the t-bar control as alleged in the second cause of action necessarily conceals that "[t]he control handle (t-bar) aggravates the latent instability of the machine" as alleged in the first cause of action.

■ Fraud or deceit may consist of the suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact. (*Moe* v. *Transamerica Title Ins. Co.* (1971) 21 Cal.App.3d 289, 306 [98 Cal.Rptr. 547].)

In *General Acc. etc. Corp.* v. *Indus. Acc. Com.* (1925) 196 Cal. 179 [237 P. 33], in reviewing an award made by the Industrial Accident Commission, the Supreme Court at page 190 stated: "Respondent Commission attempts to point out a distinction between a concealment of a material fact and a misrepresentation as to such fact. The legal effect in each instance amounts to the same thing, fraud."

■ "Where failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative misrepresentation is tenuous. Both are fraudulent. An active concealment has the same force and effect as a representation which is positive in form." (37 Am.Jur.2d, Fraud and Deceit, § 144, p. 197.) (Fns. omitted.)

■ The offer of goods for sale is a representation of the characteristics, uses, benefits, or qualities of the goods. Civil Code section 1770 listing proscribed practices such as "Representing that goods or services are of a particular standard, quality, or grade, . . . if they are of another," includes a proscription against a concealment of the characteristics, use, benefit, or quality of the goods contrary to that represented.

We find no demonstrable difference between the allegations of the first and second causes of action. They allege the same conduct, the same causal relation (the reliance being in each case the purchase of the trackster) and the same damage, all resulting from conduct clearly proscribed by Civil Code section 1770.

Real party in interest, in opposition to the petition, has argued for the first time that the Consumers Legal Remedies Act is inapplicable to the first cause of action inasmuch as the first cause of action is brought only on behalf of commercial users. The argument fails to find factual support in the record and is rejected.

The trial court erred in overruling petitioners' demurrer to the first cause of action.

## II

We next consider whether an extraordinary writ is the appropriate remedy by which to challenge such error.

The Code of Civil Procedure provides that mandate "may be issued . . . to compel the performance of an act which the law specially enjoins, . . ." (§ 1085) ". . . where there is not a plain, speedy, and adequate remedy, in the ordinary course of law . . . ." (§ 1086.) ██ It is well established that mandamus cannot be . issued to control a court's discretion. However, in unusual circumstances, the writ will lie where that discretion can be exercised in only one way. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841 [92 Cal.Rptr. 179, 479 P.2d 379].) ██ Here the trial court had no discretion to overrule petitioners' demurrer to the first cause of action which on its face was legally defective in its failure to allege compliance with the Consumers Legal Remedies Act. We find this to be one of the exceptional cases justifying mandamus to review a ruling on demurrer. (*Babb* v. *Superior Court, supra,* 3 Cal.3d at p. 851.)

## III

The demurrer to the second cause of action of the first amended complaint challenged the . adequacy of the compliance allegations relating to the notice requirements of the act. Section 1782, subdivision (a), of the act provides:

"(a) Thirty days or more prior to the commencement of an action for damages pursuant to the provisions of this title, the consumer shall do the following:

"(1) Notify the person alleged to have employed or committed methods, acts or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.

"(2) Demand that such person correct, repair, replace or otherwise rectify the goods or services alleged to be in violation of Section 1770.

"Such notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred, such person's principal place of business within California, or, if neither will effect actual notice, the office of the Secretary of State of California."

Howarth alleged two separate acts of purported substantial compliance with the notice requirement. The first[2] such allegation was contained in a reference to a completed superior court action entitled, "Sabich v. Cushman Motors, et al., Sacramento County Superior Court Action 221596" resulting in a jury verdict adverse to the manufacturer, Cushman Motors. The second[3] referred to a letter dated October 11, 1974, addressed to OMC, requesting repair or replacement of the trackster. The statutory language requires a demand letter be sent 30

---

[2]Paragraph XII of the second cause of action of the first amended complaint alleges: "That plaintiffs, ROY HOWARTH and all other persons similarly situated, have complied with Code of Civil Procedure [Civil Code] § 1782, and all other requirements of the Consumer Legal Remedies Act in that after the jury verdict in Sabich v. Cushman Motors, et al., Sacramento County Superior Court Action 221596, in January of 1974, defendant, specifically the manufacturers, and each of them, made no attempt to repair the Trackster model there and here involved; defendants, and each of them, continued manufacturing the Trackster without change in the product. Defendants, and each of them, made no effort to notify consumers of the defects in the said Trackster model; thirty days (30) before actual service of the summons and complaint on defendants, and each of them, in the instant action, plaintiffs, ROY HOWARTH and all other persons similarly situated, gave a copy of the initial complaint to counsel for OUTBOARD MARINE CORPORATION, William McKinley, who assured plaintiffs, ROY HOWARTH and all other persons similarly situated, that he (counsel for OMC) would, and did, forward it to OUTBOARD MARINE CORPORATION. Plaintiffs, ROY HOWARTH and all other persons similarly situated, heard nothing thereafter from defendants, and each of them.

"That these defendants, specifically the manufacturers, were notified thereby that the Trackster was defective in design and manufacture as alleged herein, and that since January of 1974, defendants, and each of them, have done nothing to correct the instability defect, the braking defect, or the t-handle defect.

"That defendants, and each of them, were thus fully and completely notified and informed and given full opportunity to correct; and any other notice would be a futile act on the part of plaintiffs, since Exhibit 'FF', and especially answer to Interrogatory No. 17, on page 13 of Exhibit 'FF', shows defendants, and each of them, have done nothing to correct the defects in said Trackster, nor can said defects, in fact, be corrected, repaired, replaced or rectified."

[3]Paragraph XIII of the second cause of action of the first amended complaint alleges:

"That on October 11, 1974, plaintiff ROY HOWARTH wrote and mailed a certified demand letter to OUTBOARD MARINE CORPORATION, c/o DU PONT POWER TOOLS, the retailer where the original purchase occurred, requesting that defendants correct, repair, replace or otherwise rectify the stability of the Trackster, the braking system and the T-bar control of the Trackster . . . ."

days or more prior to commencement of the action. The October 11 letter was sent several months after the complaint was filed.

Howarth argues that substantial compliance only is required by section 1782, that petitioners had actual notice of the defects, and that a technicality of form should not be a bar to the action. He asserts that inasmuch as the act mandates a liberal construction, substantial compliance with notification procedures should suffice. (Civ. Code, § 1760.) In the face of the clear, unambiguous, and unequivocal language of the statute, his contention must fail.

A liberal construction does not permit us to disregard or enlarge the plain provisions of the statute, nor does it go beyond the meaning of the words used when they are clear and unambiguous. (45 Cal.Jur.2d, Statutes, § 180, p. 680; *People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250]; *Richardson* v. *City of San Diego* (1961) 193 Cal.App.2d 648, 651 [14 Cal.Rptr. 494].) Section 1782, subdivision (a), is clear and unambiguous, not requiring interpretation. ■ It is a prime rule of construction that the legislative intent underlying a statute must be ascertained from its language; if the language is clear there can be no room for interpretation, and effect must be given to its plain meaning. (*Caminetti* v. *Pac. Mutual Ins. Co.* (1943) 22 Cal.2d 344 [139 P.2d 908]; *Skivers* v. *State of California* (1970) 13 Cal.App.3d 652, 655 [91 Cal.Rptr. 707]. See also *Livingston* v. *Heydon* (1972) 27 Cal.App.3d 672, 677 [104 Cal.Rptr. 83].)

The purpose of the notice requirement of section 1782 is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements.[4] The notice requirement com-

---

[4]Precomplaint settlement of consumer claims is provided for in subdivisions (b) and (c) of section 1782. They provide:

"(b) Except as provided in subdivision (c), no action for damages may be maintained under the provisions of Section 1780 if an appropriate correction, repair, replacement or other remedy is given, or agreed to be given within a reasonable time, to the consumer *within 30 days after receipt of such notice.*

"(c) No action for damages may be maintained under the provisions of Section 1781 upon a showing by a person alleged to have employed or committed methods, acts or practices declared unlawful by Section 1770 that all of the following exist:

"(1) All consumers similarly situated have been identified, or a reasonable effort to identify such other consumers has been made.

"(2) All consumers so identified have been notified that upon their request such person shall make the appropriate correction, repair, replacement or other remedy of the goods and services.

"(3) The correction, repair, replacement or other remedy requested by such consumers has been, or, *in a reasonable time,* shall be, given.

"(4) Such person has ceased from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, such person will, *within a reasonable time,* cease to engage, in such methods, act, or practices." (Italics added.)

mences the running of certain time constraints upon the manufacturer or vendor within which to comply with the corrective provisions. The clear intent of the act is to provide and facilitate precomplaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished. This clear purpose may only be accomplished by a literal application of the notice provisions.

█ Notwithstanding the foregoing, the trial court's order overruling the demurrer to the second cause of action must be upheld upon separate grounds. OMC effectively waived the notice provisions of the act by its letter addressed to Howarth on November 20, 1974. (Exhibit HH attached and incorporated in the first amended complaint.) That letter provided in part, "We have reviewed your letter of October 11, 1974, which we received on October 21, 1974, and which we are treating as a preliminary notice and demand under California Civil Code 1782a."

Unless otherwise provided by law, any person may waive the advantage of a law intended for his benefit. (Civ. Code, § 3513.) Waiver is the voluntary relinquishment of a known right. (*Bohlert* v. *Spartan Ins. Co.* (1969) 3 Cal.App.3d 113, 118 [83 Cal.Rptr. 515].) █ To constitute a waiver, it is essential that there be an existing right, benefit, or advantage, a knowledge, actual or constructive, of its existence, and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that it has been relinquished. █ The doctrine of waiver is generally applicable to all the rights and privileges to which a person is legally entitled, including those conferred by statute unless otherwise prohibited by specific statutory provisions. (*Trujillo* v. *City of Los Angeles* (1969) 276 Cal.App.2d 333 [81 Cal.Rptr. 146]; *People* v. *Murphy* (1962) 207 Cal.App.2d 885 [24 Cal.Rptr. 803].)

As to the second cause of action, on the question of waiver of notice established by OMC's letter dated November 20, 1974, the demurrer was properly overruled.

Howarth has alleged other miscellaneous challenges to the utilization of the prerogative writ and the propriety of our considering the petition as filed. The contentions are meritless.

Let a peremptory writ of mandate issue commanding the trial court to vacate its order overruling petitioners' demurrer to the first cause of action of the first amended complaint and to sustain said demurrer with

leave to amend. The petition for peremptory writ as to the demurrer to the second cause of action of the first amended complaint is denied, and the alternative writ with reference thereto is discharged.

Friedman, Acting P. J., and Paras, J., concurred.