[No. F005397. Fifth Dist. Mar. 3, 1987.]

In re the Marriage of ANITA and ARA PABOOJIAN.
ANITA PABOOJIAN, Appellant, v.
ARA PABOOJIAN, Respondent.

**COUNSEL**

Fullerton, Lang, Richert & Patch and Bradley A. Silva for Appellant.

Quinlan, Kershaw, Fanucchi & Hoffman and W. Scott Quinlan for Respondent.

**OPINION**

**FRANSON, Acting P. J.—**

STATEMENT OF THE CASE

On December 26, 1968, an interlocutory decree of divorce entitling appellant, Anita Paboojian, to a divorce from respondent, Ara Paboojian, was entered in the judgment book. On October 23, 1984, a writ of execution was issued to appellant for enforcement of the spousal support which had accrued over the previous 10 years.

Upon respondent's motion, the trial court quashed this writ of execution. We affirm.

STATEMENT OF THE FACTS

Appellant and respondent separated after 11 years of marriage. They had two children. The interlocutory decree filed December 26, 1968, ordered respondent to pay appellant $200 per month spousal support payable at the rate of $50 per week on the first four Mondays of each month beginning the following month and $500 for past due support. Respondent was also ordered to pay $100 per month for each child. Both appellant and respondent were aware of these support provisions.

In January 1969, respondent spoke to appellant by telephone and told her, "I can barely pay [child] support payments and you've got to agree I can't pay alimony." According to respondent, appellant answered, "Take care of the children and forget the alimony." Appellant denies making such a statement. Respondent was in poor financial condition at that time and went into bankruptcy later that year.

Respondent has never made any spousal support payments. Respondent was initially unable to meet his full child support obligations but as his income increased, he made up the deficiency and kept current on the payments. After 1974, respondent also made extra payments on behalf of the children.

Appellant never asked respondent to make spousal support payments. Her only complaints to respondent concerned the inadequacy of the child support payments.

Appellant testified that she became aware of her right to receive spousal support after her son reviewed the interlocutory decree. Appellant had erroneously believed her rights terminated with respondent's bankruptcy or remarriage.

The trial court found that appellant waived spousal support in the January 1969 telephone conversation and quashed the writ of execution.

## DISCUSSION

I. *The waiver found by the trial court is sufficient to preclude enforcement of the spousal support order as a matter of law.*

Appellant contends she is entitled to all support arrearages within 10 years of seeking execution. She submits this court should hold that a prospective oral waiver of spousal support, absent consideration or culpable conduct by the supported spouse, is insufficient to prevent enforcement by writ of execution as a matter of law. ■ "Unless otherwise provided by law, any person may waive the advantage of a law intended for his [or her] benefit. (Civ. Code, § 3513.) Waiver is the voluntary relinquishment of a known right. [Citation.] To constitute a waiver, it is essential that there be an existing right, benefit, or advantage, a knowledge, actual or constructive, of its existence, and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that it has been relinquished." (*Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 41 [124 Cal.Rptr. 852].)

In *Graham* v. *Graham* (1959) 174 Cal.App.2d 678 [345 P.2d 316], the court applied the waiver doctrine to the right to court-ordered support and upheld the trial court's finding of a waiver. The trial court's finding was based on Mr. Graham's testimony that he told his former wife he could not pay the support but would pay a lower amount and on Mrs. Graham's acceptance of this lower amount for almost 11 years without taking any legal steps to enforce compliance with the court order. There was no evidence of either consideration received by or culpable conduct on the part of Mrs. Graham. Based on the principle that one may waive any civil right, the court could find no valid reason why Mrs. Graham could not waive her right to a portion of the alimony and support provided for by the decree of divorce.

 Similarly, here, the trial court was not legally prohibited from finding that the January 1969 telephone conversation constituted a prospective waiver of appellant's right to spousal support under the reasoning of *Graham* v. *Graham, supra,* 174 Cal.App.2d 678. Appellant argues that *Graham* v. *Graham* is distinguishable from this case because Mr. Graham would have been precluded from seeking a modification of the support order in the absence of a finding of a waiver under the law in existence at the time. However, the circumstances under which the waiver issue arose in *Graham* do not affect the applicability of the general principle that a person has the ability to prospectively waive court-ordered support. Thus, the waiver of spousal support found by the trial court in this case is not invalid as a matter of law.

II. *The waiver was supported by substantial evidence.*

 In resolving the issue of the sufficiency of the evidence, all factual matters must be viewed most favorably to the prevailing party and in support of the judgment. (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480].) When there are two or more inferences which can be reasonably deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. (*Campbell* v. *Southern Pacific Co.* (1978) 22 Cal.3d 51, 60 [148 Cal.Rptr. 596, 583 P.2d 121].) The power of an appellate court begins and ends with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trier of fact. (*Greenfield* v. *Spectrum Investment Corp.* (1985) 174 Cal.App.3d 111 [219 Cal.Rptr. 805].) "Substantial evidence means such evidence as a reasonable fact trier might accept as adequate to support a conclusion; evidence which has ponderable legal significance, which is reasonable in nature, credible and of solid value." (*Guntert* v. *City of Stockton* (1976) 55 Cal.App.3d 131, 142 [126 Cal.Rptr. 690, 127 Cal.Rptr. 602].)

■ Appellant contends that the evidence is insufficient to support a waiver of her right to spousal support. She alleges that the only evidence supporting a waiver is respondent's self-serving statements concerning the January telephone conversation and, further, that this evidence was elicited through wholly leading questions.

As discussed above, a waiver is a voluntary relinquishment of a known right. (*Outboard Marine Corp.* v. *Superior Court, supra,* 52 Cal.App.3d 30, 41.) Here, the interlocutory decree establishing the right to support was entered December 26, 1968, and provided that payments were to begin the first Monday of the following month. The telephone conversation took place sometime in January 1969 and thus, resolving all inferences in favor of respondent, it must be assumed that the right was in existence at the time of the waiver. Further, both appellant and respondent testified that they had actual knowledge of the existence of this right to support.

The trial court's conclusion that appellant intentionally relinquished this right is supported by respondent's testimony that appellant told him to "take care of the children and forget the alimony." Contrary to appellant's position, this testimony was not elicited by a leading question. Appellant denied making such a statement; however, it was within the province of the trial court to resolve this conflict. (*Potts* v. *Superior Court* (1964) 229 Cal.App.2d 692 [40 Cal.Rptr. 521].)

Although the evidence of an express waiver is equivocal, the trial court's finding of a waiver is further supported by appellant's failure to demand the court-ordered support for almost 16 years. This delay in itself is not a defense to the right to enforce the accrued payments under the divorce decree. (*DiMarco* v. *DiMarco* (1963) 60 Cal.2d 387, 394 [33 Cal.Rptr. 610, 385 P.2d 2].) But the delay is so inconsistent with the intent to enforce the right to support that it corroborates the trial court's finding of a waiver. Thus, under the rules of appellate review, the finding of a waiver is adequately supported by the record.

The judgment is affirmed.

Hamlin, J., and Scott (C. F.), J.,* concurred.

A petition for a rehearing was denied March 26, 1987, and appellant's petition for review by the Supreme Court was denied May 20, 1987.

---

*Assigned by the Acting Chairperson of the Judicial Council.