[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION DATED NOVEMBER 14, 1991, PLAINTIFF'S MOTION FOR DETERMINATION OF ARREARAGE OF BACK CHILD SUPPORT DATED DECEMBER 6, 1991 (NO. 126.00), DEFENDANT'S MOTION FOR UPWARD MODIFICATION OF ALIMONY DATED NOVEMBER 15, 1991 AND DEFENDANT'S MOTION FOR CONTEMPT DATED SEPTEMBER 27, 1991 (NO. 125.00)
The above motions were heard by this court after argument and testimony.
The undisputed facts are the parties were married on October 14, 1961, in Williamstown, Massachusetts. They had three issues of the marriage: Clifford Scott Raymond born June 10, 1963, Heather Ann Raymond born November 3, 1967, and Allison Lee Raymond born April 30, 1970. On July 31, 1974, the plaintiff husband brought an action for dissolution of marriage. On May 14, 1976, the marriage of the parties was dissolved.
Custody of the minor children was granted to the husband with rights of visitation in the defendant mother. The husband and the minor children were awarded sole and exclusive possession and occupancy of the marital home which was to terminate when the youngest child was age 18, upon remarriage of the plaintiff husband or upon agreement of the parties, whichever occurred earliest. The husband was to pay the wife the sum of $100.00 per week as alimony which was subsequently modified by the court, Saden, J., on March 25, 1977, to $40.00 per week in alimony.
In 1978 the husband informed the wife that he intended to remarry and that the house should be sold. Thereafter, the wife petitioned the court for custody of the minor children and exclusive possession of the marital home and a stay was put into effect regarding the sale of the home. Four years later, in September of 1982, the house was finally sold. It is clear that the husband knew of the procedure for modification of orders since he had been to court before Judge Saden and had such a motion granted.
In October of 1979 a motion to modify the judgment was filed by the wife. She claimed that there was a substantial change in circumstances and in the wishes of the children, both of which required a modification including that custody of the minor children be given to the wife. The court, after hearing, granted that a Family Relations' study be ordered by the court and that, pending the hearing of that motion in its entirety on the merits, the sale of the premises be stayed. That was before Judge Testo in April of 1980. CT Page 1592
Also in October of 1979 the wife filed for contempt claiming the husband had not paid his arrearage. In December of 1979 the husband moved to modify claiming that he should eliminate the requirement for paying alimony. That motion was denied by Judge Testo on April 15, 1980. This again shows that he knew the procedure for such a modification.
On December 26 of 1979 a motion for order of sale was filed, which motion was stayed by Judge Testo on February 13, 1980, pending further orders of the court. In October of 1980 motions dated June 3, 1980, were acted on which ordered that the house be listed for sale. The Family Relations' report dated April 15, 1980, indicated that the recommendation of the Family relations officer was that the children's best interests will be served at this time by leaving the custody with the father. In May of 1982 the husband moved to terminate alimony again. No action was taken on that motion after objection was filed by the wife. In June of 1982 a motion for contempt for failure to pay alimony was filed by the wife, which motion was acted on on July 8, 1982, and Judge Novack ordered that $6,605.00 be taken out of the husband's share of the proceeds. A motion to terminate alimony dated July 8, 1982 was denied by Judge Novack on July 8, 1982, without a memorandum of decision.
Then, of course, the house was sold, and apparently on October 15, 1982, a motion for modification was filed. That motion was never acted on and makes allegations that the husband cannot afford the alimony and that he has the sole and exclusive support of the minor children.
The husband claims that within several weeks of the house being sold and the proceeds being distributed, he and his ex-wife had a conversation at the husband's home in which the wife agreed that she would waive any and all claims she may have to future claims for alimony as long as the plaintiff husband cared for the children and provided for their education to the best of his ability. This is consistent with the motion was was on file requesting relief in the court. A reasonable inference can be made that his failure to pursue that motion was based on his discussions with his wife wherein she agreed to waive the future alimony.
From the date of the divorce to the present, the plaintiff husband has provided for the care, custody, and education of the children of the marriage. The wife has never made demand on the plaintiff husband for alimony since September, 1982, either orally or in writing. The wife as over paid any sum in child support for her children since the date of the divorce decree. The plaintiff husband could have CT Page 1593 made a motion either to modify the alimony or to petition the court for child support for the minor children had he known that the wife would be seeking the back alimony payments. It appears clear that he has been prejudiced by the defendant's failure to enforce her rights over the past nine years.
This court was faced with the credibility or the parties concerning the meeting after the house sold. The wife said the meeting did not take place and there were no such discussions and the husband said there was such a meeting and discussions did take place. The court finds the husband's testimony more credible.
The wife made no satisfactory explanation of why she had not pursued the back alimony. She further lied under oath at her deposition concerning a Massachusetts bank account in the sum of approximately $10,000.00 that was not on her financial affidavit and only came out in open court on the stand. The court finds incredible her testimony that she only wanted to tell this to a judge.
The court finds that she was less than candid in responding to a subpoena to bring certain documents with her to court. The subpoena requested her income tax returns and any evidence of her income. She claimed she did not have them. She was to bring all of her written evidence of attempts to secure employment. She brought only four of such letters and claimed the others were left at home. She was to bring with her pension documents. She claimed she did not have them.
The defendant's daughter contradicted the defendant's testimony that she was actively pursuing employment when her further testified the defendant was at the beach relaxing for the bulk of the time that she was supposed to be looking for a job. Accordingly, the court finds the husband's testimony more credible.
The question before the court is whether or not the plaintiff's defenses, laches, estoppel and waiver, defeat he defendant wife's cause of action.
I. LACHES
In Schiavo v. Schiavo, 2 CSCR 655, 656 (May 18, 1987, I Kremski, J.), the court stated
 ". . . laches is not mere delay, but delay that works to the disadvantage of another person. However, when a person fails to enforce his rights until the position of the other CT Page 1594 person has, in good faith, become so changed that enforcement of those rights against him would result in serious prejudice, then that delay becomes inequitable and operates as an estoppel to the assertion of those right."
Citing 2 Pomeroy, Equity Jurisprudence 5th Ed. (1941) 419d, pp. 78-9.
In Bozzi v. Bozzi, 177 Conn. 232, 239, 413 A.2d 834
(1979), the plaintiff wife failed to seek payment of the court ordered support for the children and the defendant husband claimed that the lapse of eight or nine years was an unreasonable delay in seeking relief. The defendant husband contended that the plaintiff wife was guilty of laches. The court held that the plaintiff wife was not guilty of laches because the court did not find any evidence indicating that the defendant husband changed his position in reliance upon an abandonment by the plaintiff of her claim against him. The court also stated that the plaintiff wife had made two demands for support, and because the defendant husband did not take any action to modify the support order during the eight to nine years, the court could not find laches. Id., 240-1. Furthermore, the court noted laches is a question of fact. Id.
The court finds that the plaintiff has changed his position, in good faith, in reliance upon defendant's nonaction and that he would suffer serious prejudice from enforcing past alimony arrearages. Defendant's motion for contempt and past due alimony arrearages is denied.
II. ESTOPPEL
In Papcun v. Papcun, 181 Conn. 618, 621, 436 A.2d 282
(1980), the court lays out the two elements necessary for equitable estoppel:
 "`(1) a party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that relief; and (2) the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done.'" Id. (Citation omitted.)
The plaintiff acted upon the belief that the parties had an oral agreement, and the plaintiff in relying upon this alleged agreement stopped making alimony payments. However, CT Page 1595 the court notes that "in accordance with Connecticut General Statutes 46b-86 (a) and Brock [1 Conn. App. 138, 468 A.2d 1242
(1984)], an order of alimony can be modified only by the court." Lounds v. Lounds, 41 Conn. Sup. 100, 105, 551 A.2d 775 (1988).
The court finds that the plaintiff relied on the parties oral argument. The court also finds that the plaintiff (changed his position by not paying alimony in reliance upon the parties oral agreement. Therefore, the court finds that the defendant is equitably estopped from bringing this action.
III. WAIVER
In Lounds, supra, 107, the defendant wife brought an action for contempt and the plaintiff husband claimed estoppel waiver and laches. The court, in discussing waiver, stated that it was more likely to find the existence of waiver when there was a "long term acceptance by one party of a change in a court order when that party could have taken action to protest." Id., 107.
In Lounds the defendant wife was unable to do anything about the change invoked by the plaintiff husband because was outside the jurisdiction of the court. Id. The court found no waiver because, as soon as the plaintiff husband returned the defendant wife initiated legal action against him. Id.
In the case before the court the defendant could have initiated legal action against the plaintiff for failure to pay alimony. The defendant waited nine years to bring an action for contempt. However the alleged agreement between the parties was oral and not modified by the court. Because the defendant could have brought an earlier action against the plaintiff and did not, the court finds that the defendant has waived her right to enforce the alimony agreement.
In Paboojian v. Paboojian, 235 Cal.Rptr. 65 (Cal.App. 5 Dist. 1987), the parties made an oral agreement to not pay alimony and the husband would just take care of the children. The wife then denied such an agreement. The husband never made any alimony payments and the wife never asked for alimony payments. The trial court found that the wife waived alimony. The court stated ". . . that a person has the ability prospectively waive court ordered support." Id., 67. The court held that after sixteen years, the wife's inaction constituted a waiver. Id., 68. "Waiver is the intentional relinquishment of a known right." Lounds, supra, 107. (Citations omitted.)
In the case before the court the plaintiff would have sought modification of the court ordered alimony if he knew CT Page 1596 the defendant would not have kept her word. Therefore, the plaintiff did change his position because the defendant did not seek alimony payments for nine years. The court finds, based on the case law discussed above, that the defendant is guilty of laches, waiver and estoppel.
Accordingly, it is ordered as follows:
1. The motion for contempt, number 125.00, is denied.
2. The motion for upward modification of alimony dated November 15, 1991, is denied.
3. The motion for determination of arrearage of back child support dated December 6, 1991, number 126.00, is denied.
4. The motion for modification dated November 14, 1991, filed by the husband is granted.
EDWARD R. KARAZIN, JR., JUDGE