VINCE CHHABRIA, United States District Judge
Keith Patterson filed this putative class action after the battery-powered lawnmower he purchased from defendants RW Direct, Inc., and Positec USA, Inc., could not stay on long enough to mow his lawn. Primarily at issue in this motion to dismiss is the viability of Patterson's claim under California's Consumer Legal Remedies Act, and specifically whether Patterson adequately alleges that the defendants had knowledge of the mower's power problem based on online reviews. The allegations are indeed adequate. Nor do the defendants' separate assorted arguments regarding the correct interpretation of their statements and the scope of their duty to disclose under the CLRA carry the day. The motion to dismiss is therefore denied.
I.
Patterson purchased a cordless lawnmower from the defendants in November 2014. Advertisements for the mower promised that it would cut "up to 10,000 square feet on a single charge," translating to "up to 40 minutes of runtime." But Patterson describes a different experience. According to the complaint, his fully charged mower would alternately not to turn on or turn off shortly after he began using it, and the problem was not solved by either of the two replacement batteries provided by the defendants. Even on its most successful outing, the mower was allegedly able to cut only half of Patterson's small lawn before it ran out of power. Patterson believes the mowers' chargers were defectively designed, in that they "cause the batteries to lose their charge after minimal use, damage the batteries and ultimately render the" mowers nonfunctional.
After reporting these problems to the defendants on four separate occasions, Patterson filed a putative class action raising a variety of claims for breach of express and implied warranties, along with claims for violations of California's Consumer Legal Remedies Act and Unfair Competition Law. After several earlier rounds of amendments, the Court granted in part the defendants' motion to dismiss, *940 but allowed Patterson to proceed on a subset of his warranty claims. With respect to the CLRA and UCL claims, Patterson was provided leave to amend to plead facts showing that the defendants had knowledge of the alleged defect. Patterson filed an amended complaint (his fourth overall), and the defendants have now moved to dismiss those claims.
II.
The CLRA prohibits misrepresenting that a product has certain characteristics or is of a particular standard or quality.[1] Cal. Civ. Code § 1770(a)(5), (7). Patterson's CLRA claim arises from the defendants' statements about the mower's battery life, which he believes were misleading given the alleged defect with the charger. The defendants respond that they cannot be liable under the CLRA because Patterson has failed to adequately allege that they had knowledge of the defect at the time of the sale. In the event Patterson clears that hurdle, the defendants further argue that (1) their statements were not misleading, and (2) Patterson has not established that they had a duty to disclose the defect.
A.
To state a claim under the CLRA, Patterson must allege that the defendants were aware of the mowers' power problems at the time of his purchase. See, e.g. , Wilson v. Hewlett-Packard Co. , 668 F.3d 1136, 1145 (9th Cir. 2012). Because Patterson primarily relies on online customer reviews to make this showing, the question here is when such reviews are sufficient to survive a motion to dismiss.
Whether a defendant had notice of a defect is a highly factual inquiry. At one end of the spectrum, fourteen unidentified complaints do not "support an inference" that a defendant had presale knowledge of a defect - particularly where the complaints are largely undated, and those that have dates were made after the time of the sale. See Wilson , 668 F.3d at 1147-48. But it is clearly sufficient for a plaintiff to allege the existence of "a separate consumer response system dedicated to handling an unusually high volume of complaints" involving the defect at issue. Williams v. Yamaha Motor Co. , 851 F.3d 1015, 1028 (9th Cir. 2017). Sitting somewhere in the middle, Patterson alleges that the defendants were on notice of the defect because 43 of the 503 customer reviews (8.5%) left on the defendants' website and the websites of third-party retailers Amazon and Home Depot identified problems with the battery life.[2] Those 43 reviews all predate Patterson's purchase and, by providing the total number of reviews, the new complaint makes clear that Patterson did not cherry-pick a subset of reviews to support his claim. See Wilson , 668 F.3d at 1148.
*941 These allegations are sufficient to survive a motion to dismiss. To begin, Patterson need not plead facts showing actual knowledge on the part of the defendants. As long as the consumer reviews are of a volume and type where it is reasonable to infer that they would have put the defendants on notice, Patterson can rely on them to state a claim. See Williams , 851 F.3d at 1027 (clarifying that " Wilson did not hold that consumer complaints may never support an allegation of presale knowledge"). Because almost 10% of these reviews identify a problem with the battery life, it is plausible, indeed probable, that the defendants were on notice of the issue. While the reviews were not exclusively left on the defendants' own website, any competent company monitors the sites of major retailers such as Amazon; the defendants do not argue to the contrary.[3]
The defendants make several attempts, none convincing, to whittle down the percentage of relevant complaints. First, the defendants suggest that only the three complaints that specifically mention the charger, as opposed to the battery, should be considered. That distinction is too stringent, particularly for the pleadings stage. It is fair to assume that any complaint about the mower's battery life would have put the defendants on notice of the alleged defect. The defendants also note that many of the reviews discuss problems that manifested after the expiration of the one-year warranty period governing the battery. That argument is again not a reason to grant dismissal, and ignores that Patterson's claim might be subject to the two-year warranty period that applies to the rest of the mower. Finally, the defendants suggest that the appropriate denominator for assessing the magnitude of the negative reviews is not the hundreds of reviews, but the thousands of mowers sold. See Deras v. Volkswagen Grp. of Am., Inc. , No. 17-cv-05452, 2018 WL 2267448, at *4 (N.D. Cal. May 17, 2018) (concluding that "[f]orty-five, or even fifty-six, complaints out of hundreds of thousands of vehicles does not on its face indicate an unusually high number of complaints"). But when a significant percentage of product reviews identify a problem, then the company that sells that product can reasonably be deemed on notice of the issue, even if only a subset of consumers chooses to leave a review. While the number of mowers sold may also be relevant, that figure does not negate the impact of the ratio of positive to negative reviews.
B.
The defendants suggest that even assuming they had knowledge of the defect, it was not misleading to represent that the mower "[c]uts up to 10,000 square feet on a single charge" or has "up to 40 minutes of runtime," because the "up to" language cannot be equated with a guarantee. Perhaps, but Patterson alleges that his mower essentially never functioned. It might have been unreasonable for Patterson to conclude that his mower would last forty minutes under all circumstances, but there is a material discrepancy between the defendants' assertions and Patterson's experience. For purposes of a motion to dismiss, Patterson has sufficiently alleged that these statements were misleading.
Finally, the defendants contend that Patterson has failed to show that they had *942 an obligation to disclose the defect, both because Patterson could himself have learned of the defect (by virtue of his visiting the same sites that hosted the complaints), and because the defect is not a safety hazard. Those arguments are premised on the mistaken assumption that Patterson has to show that the defendants had a duty to disclose in the first place. A duty to disclose only arises in cases involving fraudulent omissions, and Patterson's claims rest on the defendants' affirmative statements about the battery life. See Hodsdon v. Mars, Inc. , 891 F.3d 857, 861 (9th Cir. 2018).
Even if understood as a fraudulent omissions case, "to be actionable [an] omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."[4] See Daugherty v. Am. Honda Motor Co. , 144 Cal. App. 4th 824, 835, 51 Cal.Rptr.3d 118 (2006) (emphasis added). Because any alleged omission regarding the charger is contrary to the statements the defendants made about the battery life, Patterson's claims again do not hinge on the defendants' duty to disclose. Either way, then, there was no need for Patterson to show that knowledge of the defect was in the defendants' exclusive possession. See Hodsdon , 891 F.3d at 862 ; see also Rubenstein v. Gap, Inc. , 14 Cal. App. 5th 870, 878, 222 Cal.Rptr.3d 397 (2017). Nor did Patterson have to allege that the charger presented a safety hazard. See Daugherty , 144 Cal. App. 4th at 836, 51 Cal.Rptr.3d 118.
III.
With the exception of any claim made under the unfair prong of the UCL, the defendants' motion to dismiss Patterson's CLRA and UCL claims is denied.
IT IS SO ORDERED.

Because Patterson's UCL claim rises and falls with his CLRA claim, this order focuses on the viability of his CLRA theory. See Punian v. Gillette Co. , No. 14-CV-05028-LHK, 2016 WL 1029607, at *5, 17 (N.D. Cal. Mar. 15, 2016) (explaining the overlap between the CLRA and the "unlawful" and "fraudulent" prongs of the UCL). To the extent Patterson intended to assert a freestanding UCL claim based on the defendants' allegedly unfair business practices, he has failed to do so; it was insufficient for him simply to state that "it offends public policy to permit corporations like Defendants to sell defective products like the WORX mower." See Baba v. Hewlett-Packard Co. , No. C 09-05946 RS, 2010 WL 2486353, at *8 (N.D. Cal. June 16, 2010). And as this is the fourth version of Patterson's complaint, leave to amend is not warranted.

Specifically, 5 of the 54 customer reviews (9.3%) on the defendants' site, 32 of the 371 customer reviews (8.6%) on Amazon's site, and 6 of the 78 customer reviews (7.7%) on Home Depot's site raise issues with the battery life.

Patterson also alleges "on information and belief" that the defendants have "received and recorded hundreds, if not thousands," of customer complaints through their helpline and online chat service. Because Patterson's allegations regarding the online reviews are sufficient to survive a motion to dismiss, there's no need to determine how much weight to give this additional assertion. See Soo Park v. Thompson , 851 F.3d 910, 928-29 (9th Cir. 2017) (discussing the import of "facts alleged upon information and belief").

Given the facts of this case, the affirmative misrepresentation and fraudulent omission theories effectively merge. See Outboard Marine Corp. v. Superior Court , 52 Cal. App. 3d 30, 36, 124 Cal.Rptr. 852 (1975) ("It is fundamental that every affirmative misrepresentation of fact works a concealment of the true fact."); Daugherty v. Am. Honda Motor Co. , 144 Cal. App. 4th 824, 835, 51 Cal.Rptr.3d 118 (2006) (explaining when an affirmative misrepresentation claim and a fraudulent omission claim "allege, in different language, identical conduct") (internal quotations omitted). Here, the alleged omission - the defendants' failure to alert customers to the problem with the charger - is functionally equivalent to an affirmative misrepresentation about the battery life.