NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MORNING STAR, LLC, a Nevada limited liability company, | No. 24-4053 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-04973-JVS-MAR |
| v. | MEMORANDUM[*] |
| KEITH B. CANTER, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015; KAREN ELISE SCHOEN, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015, | |
| Defendants - Appellees. | |

| | |
|---|---|
| MORNING STAR, LLC, | No. 24-4290 |
| Plaintiff - Appellee, | D.C. No. 2:22-cv-04973-JVS-MAR |
| v. | |
| KEITH B. CANTER; KAREN ELISE SCHOEN, | |
| Defendants - Appellants. | |

| | |
|---|---|
| MORNING STAR, LLC, | No. 24-5395 |
| Plaintiff - Appellant, | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |  |
|---|---|
| v.<br><br>KEITH B. CANTER; KAREN ELISE SCHOEN,<br><br>     Defendants - Appellees. | D.C. No.<br>2:22-cv-04973-JVS-MAR |

|  |  |
|---|---|
| MORNING STAR, LLC, a Nevada limited liability company,<br><br>     Plaintiff - Appellee,<br><br>v.<br><br>KEITH B. CANTER, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015; KAREN ELISE SCHOEN, Trustee of The Canter Schoen Family Trust U/D/T March 17, 2015,<br><br>     Defendants - Appellants. | No. 24-5572<br><br>D.C. No.<br>2:22-cv-04973-JVS-MAR |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted August 20, 2025
Pasadena, California

Before: BERZON, BENNETT, and SUNG, Circuit Judges.

Plaintiff-Appellant Morning Star LLC ("Morning Star") appeals the district court's entry of final judgment and permanent injunction and denial of its motion for attorney fees. Defendants and Cross-Appellants Keith Canter and Karen Schoen ("Canter/Schoen") cross appeal the entry of final judgment and permanent

injunction and denial of their motion for attorney fees. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings consistent with this disposition.

1. The district court did not err in concluding that Canter/Schoen violated the 1994 Restrictive Covenant by building a second-story bedroom suite. We review the district court's findings of fact after a bench trial for clear error, and we review legal conclusions de novo. *Montana v. Talen Mont., LLC*, 130 F.4th 675, 686 (9th Cir. 2025). The interpretation of a restrictive covenant under California law is generally "a question of law, which we review *de novo*," *Schertzer v. Bank of Am., NA*, 109 F.4th 1200, 1208 (9th Cir. 2024), "unless the interpretation turns upon the credibility of extrinsic evidence," *Richeson v. Helal*, 70 Cal. Rptr. 3d 18, 24–25 (Ct. App. 2007).

The district court correctly determined in the absence of a special definition that the term "story" in Article II, Section 3 of the 1994 Restrictive Covenant ("Section 3") should be interpreted consistent with its ordinary meaning. The ordinary meaning of "story" is "habitable space between two floors." *King v. Kugler*, 17 Cal. Rptr. 504, 507 (Ct. App. 1961). Because the second story bedroom suite is habitable space enclosed between a floor and ceiling on top of a separate habitable space enclosed between a floor and a ceiling (the garage), it violates Section 3.

None of Canter/Schoen's arguments to the contrary are convincing. Canter/Schoen offer no relevant extrinsic evidence. The evidence they offer is not relevant because it does not aid the reviewing court in "plac[ing] itself in the same situation in which the [drafter] found [himself] at the time of" drafting the 1994 Restrictive Covenant. *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 645 (Cal. 1968) (internal quotation marks omitted). And even if it were relevant, the district court's failure to consider it is harmless because Section 3 is not "reasonably susceptible" to the meaning that Canter/Schoen offer (i.e., that "one story" is a term of art in Malibu that means "18 feet"). *See id.* at 645 & n.7. Such an interpretation would "detract from . . . the terms of" the covenant, *id.* at 645, by rendering meaningless the phrase "or greater than one story in any event." Additionally, Canter/Schoen have not shown that the burdens Section 3 imposes on Lot 16 "far outweigh[] any benefit" conveyed to Lot 17. *Nahrstedt v. Lakeside Vill. Condo. Ass'n*, 878 P.2d 1275, 1287 (Cal. 1994); *see id.* at 1286 (courts are "disinclined to question the wisdom of agreed-to restrictions").

2.      The district court correctly held that the rooftop observation deck does not violate Section 3. We review de novo a district court's grant of summary judgment. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). The presence of the rooftop observation deck on top of the house does not make the house an "improvement[] . . . greater than one story" because the observation deck

lacks a ceiling. *See King*, 17 Cal. Rptr. at 507. We reject Morning Star's argument that placing anything on the roof of a one-story structure turns it into a structure greater than one story because this interpretation "would produce an absurd . . . result." *Schertzer*, 109 F.4th at 1208.

3. The district court did not abuse its discretion by entering a permanent injunction requiring Canter/Schoen to remove the second-story bedroom unit and refrain from "converting, redefining, or reclassifying" it into "a first story structure." "We review a district court's decision to grant a permanent injunction for an abuse of discretion." *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d 1239, 1253 (9th Cir. 2020), *aff'd sub nom. Nat'l Collegiate Athletic Ass'n v. Alston*, 594 U.S. 69 (2021) (citation modified). "The scope of the [injunction] must be no broader . . . than necessary to redress the injury shown by the plaintiff." *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018). At oral argument and in post-judgment proceedings before the district court, Morning Star conceded that Canter/Schoen could comply with the injunction by only removing the internal partition dividing the first and second floors. We so construe the injunction and, with that understanding, we conclude the injunction is not broader than necessary.

4. The district court erred in concluding that Article II, Section 2 of the 1994 Restrictive Covenant ("Section 2") prohibited Morning Star from planting

ficus trees on the northern ten feet of Lot 17. Section 2 states:

> No fence, barrier or landscaping of any type may be constructed, placed or maintained on (i) the northerly ten (10) feet of Lot 17 of the Property; or (ii) that area [the northeast corner] described in Section 1 of this Article II, which is (or in the case of landscaping which grows) to a height in excess of two (2) feet above the top of the foundation of a single family residence and/or appurtenant structures constructed from time to time on Lot 16 of the Property.

The district court concluded, and Canter/Schoen maintain, that Section 2 prohibits all landscaping in zone (i) and imposes a height restriction in zone (ii). Morning Star contends that Section 2 permits landscaping subject to a height restriction in both zones. We agree with Morning Star.

The height-restriction clause must apply to "fence, barrier or landscaping" because those are the only terms in the sentence that may rationally be subjected to a height restriction. *See Busching v. Super. Ct.*, 524 P.2d 369, 374 (Cal. 1974) ("[T]he ordinary rules of grammar . . . must be applied unless they lead to an absurd result . . . ."). And because that is so, there is no basis for reading the height-restriction clause as applying to (ii) but not (i); both are descriptions of where the "fence, barrier or landscaping" referred to is located. Further, there is an area where zones (i) and (ii) overlap, which supports the conclusion that the same restriction applies to both zones.

Canter/Schoen argue the height-restriction clause cannot apply to clauses that precede the semicolon. But the language after the semicolon is not an

independent sentence and makes no sense unless it refers to language that precedes the semicolon. Further, giving the semicolon the role for which Canter/Schoen argue would lead to the imposition of conflicting restrictions in the area that falls within both zones.

5. The district court correctly granted summary judgment in favor of Canter/Schoen on Morning Star's affirmative defenses to enforcement of the height restriction against the old ficus trees in the northeast corner of Lot 17. "The defense of laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay." *Conti v. Bd. of Civ. Serv. Comm'rs*, 461 P.2d 617, 622 (Cal. 1969) (footnote omitted).[1] Morning Star argues that Canter/Schoen knew about the restrictive covenant at least since they purchased their property in April 2018 yet took no action to enforce the covenant until March 2022. However, the restriction is enforced against the benchmark of "two (2) feet above the top of the foundation of a single-family residence and/or appurtenant structures constructed from time to time on Lot 16." It could not be enforced before at least June 2021, because there was no structure on Lot 16 before then. Morning Star has not made "a showing of facts amounting to acquiescence in the acts complained of" beyond "mere passive

---

[1] Morning Star raises "laches" and "acquiescence" as two separate defenses. But these are two variations of the same laches defense under California law. *See Conti*, 461 P.2d at 622.

24-4053

neglect." *Stevenson v. Boyd*, 96 P. 284, 287 (Cal. 1908). Morning Star has also made no showing that it was prejudiced. *See Conti*, 461 P.2d at 624 (prejudice must be shown and may not be presumed from unreasonable delay).

Morning Star's waiver defense similarly fails because Morning Star has not shown that Canter/Schoen had "an actual intention to relinquish" their right to enforce Section 2 or displayed "conduct so inconsistent with the intent to enforce [it] as to induce a reasonable belief that it has been relinquished." *Outboard Marine Corp. v. Super. Ct.*, 124 Cal. Rptr. 852, 859 (Ct. App. 1975).

6. The district court did not abuse its discretion in denying both parties' motions for attorney fees. "We review the amount of attorney fees awarded under state law for abuse of discretion." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 828 (9th Cir. 2018) (citation modified). In California, reasonable attorney fees are awarded to the prevailing party in an action to enforce a contract or restrictive covenant when the instrument so allows—as is the case here. Cal. Civ. Code § 1717(a); *see Harbor View Hills Cmty. Ass'n v. Torley*, 7 Cal. Rptr. 2d 96, 99–100 (Ct. App. 1992).

"[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action," but "[t]he court may also determine that there is no party prevailing." Cal. Civ. Code § 1717(b)(1). "If neither party achieves a complete victory on all [their] claims, it is within the discretion of the trial court to

determine . . . whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *Scott Co. of Cal. v. Blount, Inc.*, 979 P.2d 974, 977 (Cal. 1999). Here, both parties prevailed only partially in their claims against the other. Neither party achieved all its litigation objectives. Our partial reversal on one portion of Canter/Schoen's counterclaim does not change that conclusion.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Each party shall bear its own costs and attorney fees on appeal.

24-4053